**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4801**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JONATHAN RAY ALLEN,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:11-cr-00192-RAJ-TEM-1)

───────────────

Submitted:  June 23, 2014              Decided:  June 27, 2014

───────────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Gregory B. English, THE ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, William D. Muhr, Assistant United States Attorney, Kathleen Imbriglia, Third Year Law Student, Norfolk, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Ray Allen appeals his convictions of conspiracy to interfere with commerce by robbery, 18 U.S.C. §§ 2, 1951(a) (2012); nine counts of Hobbs Act robbery, 18 U.S.C. §§ 2, 1951(a); and nine counts of brandishing a firearm during a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). He argues that the district court should have suppressed the out-of-court identifications made by several witnesses and precluded these witnesses from identifying him during trial because the photo arrays impermissibly highlighted him due to variations in the exposure of the photograph and the color of his shirt. After review of the record, we affirm.

We review the district court's factual findings for clear error and its legal conclusion that the identifications were admissible de novo. United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007). "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" Id. (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). If the identification procedure was unduly suggestive, the identification is admissible if it "was nevertheless reliable in the context of all of the circumstances." Id. at 389-90. Where a witness' out-of-court

2

photo identification is unreliable and inadmissible, any in-court identification is also inadmissible. <u>Simmons</u>, 390 U.S. at 383-84; <u>see</u> <u>Saunders</u>, 501 F.3d at 390.

The record supports the district court's finding that any variation in appearance in the various photo arrays between Allen's photos and the others was insignificant and did not render the photo arrays themselves unduly suggestive. Moreover, the procedures used by police in displaying the arrays reinforce this conclusion. <u>See</u> <u>United States v. Gray</u>, 491 F.3d 138, 148 (4th Cir. 2007) (holding this court may consider evidence introduced during later proceedings that confirms the correctness of the district court's findings).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>